**Roy J. CHAMBERS, Plaintiff,**

v.

**CITY OF FREDERICK, et al., Defendants.**

**No. CIV.WDQ–03–1865.**

United States District Court, D. Maryland, Northern Division.

Nov. 25, 2003.

Benjamin C. Block, Kimberly A. Strosnider, David H. Remes, Irene J. Chase, Covington and Burling, Washington, DC, Ayesha N. Khan, Americans United for Separation of Church and State, Washington, DC, for Plaintiff.

Michael Thomas Hamilton, Marks, O'Neill, O'Brien and Courtney PC, Baltimore, MD, Laurel Anne Albin, Warnken LLC, Attorneys At Law, Towson, MD, for Defendants.

## MEMORANDUM OPINION AND ORDER

QUARLES, District Judge.

Roy Chambers, a resident of Frederick, Maryland, objects to the display of a monument of the Ten Commandments on property formerly owned by the City of Frederick. Chambers brought this action against the City of Frederick and its Mayor, Jennifer Dougherty (collectively, "Frederick"), and the Fraternal Order of Eagles Aerie No. 1067 ("FOE"), asserting that the display violates the Establishment Clause of the First Amendment to the United States Constitution. Pending are the Defendants' motions to dismiss for failure to state a claim on which relief can be granted. For the reasons discussed below, the motions to dismiss will be denied.

## BACKGROUND

Chambers is a citizen and taxpayer of Frederick, and lives near the "Bentz Street Park." Compl. ¶ 10. Within the public park—on a parcel of land sold to the FOE, a private organization—sits a monument of the Ten Commandments. *Id.* ¶ 6. To enter downtown Frederick, Chambers must pass the monument, and he does so frequently. *Id.* The monument's religious message offends Chambers. *Id.*

In June 1958, the FOE donated the five-foot tall, tablet shaped monument to Fred-

erick. *Id.* ¶¶ 11–12. The monument is entitled "The Ten Commandments" and the phrase "I AM the LORD thy God" is inscribed at the top. *Id.* ¶ 13. The monument is engraved with the text of the Ten Commandments, an additional "Eleventh Commandment"[1] recognized by some faiths, two Stars of David, the Greek letters Chi and Rho forming a Christogram[2], and an American eagle holding the nation's flag. *Id.* An inscription on the monument states that it was "presented to the City of Frederick by Frederick Aerie No. 1067 Fraternal Order of Eagles." *Id.* ¶ 17.

The monument was intended to endorse patriotism and American ideals, state a national code of ethics, and promote Cecil B. DeMille's film "The Ten Commandments." Frederick's Mot. to Dismiss 2; FOE's Mot. to Dismiss ¶ 19.

The monument was placed on a concrete semi-circle facing a public sidewalk in the park. *Id.* ¶ 11. It is directly across from a park bench and is visible from the sidewalk. *Id.* The monument also faces a public street and is visible to passing traffic. *Id.* ¶ 16. At night, the monument is illuminated. *Id.*

Until December 23, 2002, Frederick owned the entire park in which the monument sits. *Id.* ¶ 7. In response to allegations that the monument violated the Establishment Clause, Frederick sold to the FOE that portion of the park on which the monument sits. *Id.* The FOE parcel holds the monument and a listing of persons buried in the park. *Id.* ¶¶ 21, 24; Pl.'s Ex. A (appraisal of the purchased plot of land). Upon purchasing the land, the FOE covenanted to "at all times hereafter preserve and maintain in a clean, orderly, dignified and reverential manner the land hereby conveyed" as well as to allow the public to "freely travel upon" the sidewalks. Compl. ¶ 25.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law only "if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." *Mates v. N. Am. Vaccine, Inc.*, 53 F.Supp.2d 814, 822 (D.Md.1999).

In determining whether to dismiss a complaint, the court must accept the well-pled material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir.1996). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## ANALYSIS

### A. Standing

■ The Establishment Clause of the First Amendment to the Constitution prohibits laws "respecting an establishment of

---

1. The Eleventh Commandment states: "Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cat-tle, nor anything that is thy neighbors." Compl. ¶ 14.

2. A monogram for Jesus Christ. *Id.*

religion." U.S. CONST. amend. I. The Defendants argue that Chambers lacks standing for an Establishment Clause claim. To establish standing, Chambers must show "that he suffered an injury in fact, i.e., 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Dixon v. Edwards*, 290 F.3d 699, 711 (4th Cir.2002) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Chambers must also establish that his injuries are fairly traceable to the actions of the Defendants, rather than "some independent third party not before the court." *Id.* (*quoting Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130). Finally, Chambers must show that his injuries may be redressed by a favorable decision on his claim. *Id.*

■■■ The Bill of Rights is not premised upon "a philosophy of hostility to religion." *Zorach v. Clauson*, 343 U.S. 306, 315, 72 S.Ct. 679, 96 L.Ed. 954 (1952). Although a "mere abstract objection" to allegedly unconstitutional conduct does not confer standing, Chambers may be deemed to have suffered injury from "unwelcome direct contact with a religious display that appears to be endorsed by the state." *Suhre v. Haywood County*, 131 F.3d 1083, 1086 (4th Cir.1997).

■■ Conduct is fairly traceable to a defendant when there is a causal connection between the plaintiff's injury and the defendant's conduct. *Bennett v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Chambers claims that the sale of land was a sham, intended to remove Frederick's legal responsibility for the monument, while enabling it to remain on apparently public property. *Id.* ¶ 25. If Chambers can show that the transaction was a sham, Frederick and the FOE may be liable to him. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d

337, 341 (4th Cir.2000) ("states, government agencies, and government officials [may not] avoid constitutional limits and obligations by simply delegating core governmental functions to private actors.").

Chambers has asked the Court to remedy his injury by ordering the removal of the monument from its current location and forbidding its placement on other public property or property likely to be perceived as public property. Compl. 9.

Our courts have a longstanding tradition of resolving questions of religious freedom. *Suhre*, 131 F.3d at 1091. Our courts also recognize that an overly restrictive rule of standing would "shut[ ] the door on ... meritorious and nonmeritorious [claims] alike." *Id.* Although this Court expresses no view on the merits of Chambers' Establishment Clause claim, he has alleged sufficient facts for standing to bring an Establishment Clause claim.

## B. 42 U.S.C. § 1983

Chambers claims that Frederick and the FOE have violated 42 U.S.C. § 1983. Compl. 9, ¶¶ 1–2. Section 1983 provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (2003).

To prevail on a § 1983 claim, Chambers must show: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### 1. Deprivation of a Right Secured by the Constitution

The First Amendment's prohibition against laws respecting an establishment of religion is applicable to the states and local governments through the Fourteenth Amendment. *Abington Sch. Dist. v.*

*Schempp,* 374 U.S. 203, 215–16, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

■ Chambers alleges that the Defendants have violated the Establishment Clause and caused him injury by maintaining the Ten Commandments monument in a public park. Compl. ¶ 27.

■ In *Lemon v. Kurtzman,*[3] the Supreme Court established a three part test for analyzing Establishment Clause challenges. *Id.* at 612–13, 91 S.Ct. 2105. To survive an Establishment Clause challenge, the government's action must: (1) have a secular purpose; (2) not have the principal or primary effect of advancing or inhibiting religion; and (3) not foster "excessive government entanglement with religion." *Id.* at 612–13, 91 S.Ct. 2105 (*citing Bd. of Educ. v. Allen,* 392 U.S. 236, 243, 88 S.Ct. 1923, 20 L.Ed.2d 1060 (1968); *Walz v. Tax Comm'n,* 397 U.S. 664, 668, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970)). The Fourth Circuit uses the *Lemon* test to analyze Establishment Clause challenges. *Id.*

■ The first prong of the *Lemon* test requires an inquiry into the subjective intentions of the government. *Id.* at 372. The court must determine whether the government's actual purpose is to " 'endorse or disapprove of religion.' " *Id.* (*quoting Wallace v. Jaffree,* 472 U.S. 38, 56, 105 S.Ct. 2479, 86 L.Ed.2d 29 (1985)). To satisfy the secular purpose test, the government need only show that its practice is not "*entirely* motivated by a purpose to advance religion." *Id.* (*quoting Wallace,* 472 U.S. at 56, 105 S.Ct. 2479).

The Defendants' claim that their purposes in publicly displaying the monument were, *inter alia,* to encourage ethical behavior and to promote the film "The Ten Commandments." *See* Background *supra.*

The Supreme Court in *Stone v. Graham,*[4] held that a Kentucky statute—requiring "a durable, permanent copy of the Ten Commandments [to] be displayed ... in each public elementary and secondary classroom"—violated the Establishment Clause, in part, because the state's avowed secular purpose was self-serving and insincere. *Id.* at 41, 101 S.Ct. 192. Chambers must be given the opportunity to prove Frederick's avowed purpose is a sham.

■ On the second prong of the *Lemon* test, the Court must assess objectively whether the principal effect of the government action " 'is to suggest government preference for a particular religious view or for religion in general.' " *Mellen,* 327 F.3d at 374 (*quoting Barghout v. Bureau of Kosher Meat & Food Control,* 66 F.3d 1337, 1345 (4th Cir.1995)). Further, the Court must determine whether a reasonable observer would think that the government is endorsing religion through its actions. *Ashbrook,* 211 F.Supp.2d at 889.

■ A reasonable observer, in this context, "is not an actual person," but a hypothetical individual deemed to be aware of the history and context of the community and forum in which the religious display appears. *Id.* (*citing Capitol Square Review and Advisory Bd. v. Pinette,* 515 U.S. 753, 779, 115 S.Ct. 2440, 132 L.Ed.2d 650 (1995)). Chambers must be given the opportunity to establish that a reasonable observer could conclude that the monument is an endorsement of religion by Frederick.

As none of the parties has addressed the third prong of the *Lemon* test—whether the monument's display creates excessive entanglement of the government with religion—the Court will not consider it.

---

3. 403 U.S. 602 (1971).

4. 449 U.S. 39, 101 S.Ct. 192, 66 L.Ed.2d 199 (1980).

### 2. Under Color of State Law

■ The Defendants argue that because the monument is on privately owned land, there is no state action and Chambers may not prevail in a § 1983 suit. Frederick's Mot. to Dismiss 6–10; FOE's Mot. to Dismiss 5–9.

■ Section 1983 does not reach "'private conduct, no matter how discriminatory or wrongful.'" *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir.2001) (*quoting Amer. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). However "[c]onduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action."[5] *Evans v. Newton,* 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966).

In August 2002, the American Civil Liberties Union Foundation of Maryland challenged Frederick's maintenance of the Ten Commandments monument in the public park. Compl. ¶¶ 18–19. Upon learning that the suit would be dismissed if a private party owned the monument, Frederick sold that portion of the park upon which the monument sits. *Id.* ¶ 20.

Chambers contends that the FOE should be deemed a state actor because Frederick sought to evade a clear constitutional duty, and has delegated a traditionally public function to a private actor. Compl. 18.

■ "Absent unusual circumstances, a sale of real property is an effective way for a public body to end its inappropriate endorsement of religion." *Freedom From Religion Found., Inc. v. City of Marshfield,* 203 F.3d 487, 491 (7th Cir.2000). Chambers must be given the opportunity to discover and present evidence by which the Court may determine whether the FOE transaction was Frederick's effort to evade a clear constitutional duty. *Id.*

Similarly, Chambers must be given the opportunity to prove that Frederick has transferred a traditionally public function to a private party. A park, like a fire department or police department, traditionally serves the community. *See Evans,* 382 U.S. at 302, 86 S.Ct. 486; and *Watson v. Memphis,* 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (1963) ("recreation through the use of parks is plainly in the public domain"). Accordingly, the transfer of title to part of the park did not necessarily shield the Defendants from § 1983 liability. *Id.*

### C. Nominal Damages

■ Frederick objects to Chambers' pursuit of nominal damages because damages based on the abstract value of constitutional rights are not a permissible element of compensatory damages in § 1983 cases. Frederick's Mot. to Dismiss 18. An award of nominal damages, however, is an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury, and may be appropriate in § 1983 cases. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249(1986). Ac-

---

**5.** The Fourth Circuit has recognized four exclusive circumstances when it will deem a private party a state actor:

(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani,* 191 F.3d 499, 507 (4th Cir.1999) (*citing Andrews v. Fed. Home Loan Bank of Atlanta,* 998 F.2d 214, 217 (4th Cir. 1993)).

cordingly, the Defendants' motions to dismiss will be denied.

## CONCLUSION

For the reasons explained above, the Defendants' motions to dismiss will be denied.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 25th day of November 2003, ORDERED:

1. That the motions to dismiss of Defendants City of Frederick, Jennifer Dougherty, and the Fraternal Order of Eagles Aerie No. 1067 BE, and HEREBY ARE, DENIED; and

2. That the Clerk of the Court send copies of this Memorandum Opinion and Order to counsel for the parties.